UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathryne A. Parsons,<br><br>    Plaintiff<br><br>v.<br><br>Coastal Carolina University,<br><br>    Defendant. | Case No.:<br><br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of gender and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission on or about December 31, 2014.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Kathryne A. Parsons, is a citizen and resident of the State of South Carolina, and resides in Horry County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Horry, State of South Carolina.

5. Defendant, Coastal Carolina University, (hereinafter referred to as "Coastal,"), upon information and belief is a corporate governmental entity operating as a public school in the County of Horry, State of South Carolina.

6. Defendant Company, is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant Company, is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant Company employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about June 2010, Plaintiff began working for Defendant Coastal, in Horry County.

11. During Plaintiff's employment with Defendant Costal, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by her director Nick DeFuria and supervisor James Jones, on numerous occasions. Mr. Jones would play with her hair and other similar activities.

12. On numerous occasions the Plaintiff witnessed Mr. DeFuria watch a co-worker eat peanut butter with a spoon, and he badgered her to lick the spoon. Mr. DeFuria would also badger the co-worker to sit on his lap.

13. Plaintiff witnessed Mr. DeFuria and Mr. Jones repeatedly make suggestive comments to another co-worker about dancing on a stripper pole and giving herself up and sleeping with him.

14. The Plaintiff witnessed Mr. Jones touching and playing with female students hair without their consent.

15. Mr. Defuria told the Plaintiff numerous times that she was hired to take care of his "needs".

16. The Plaintiff reported the lewd and inappropriate behavior of Mr. DeFuria and Mr. Jones verbally and in writing to Denise Morkis, Human Resource Supervisor. Defendant began treating the Plaintiff harshly in retaliation for reporting the lewd and inappropriate behavior.

17. During Plaintiff's employment, she was subjected to a hostile work environment after reporting the sexual harassment.

18. Plaintiff witnessed Mr. Jones calling students "crack heads" and certain members of the faculty "niggers".

19. The Plaintiff was constantly warned by Mr. DeFuria to not go above his head because he "doesn't get mad, he gets even."

20. On or about May 2013, the Plaintiff was demoted and stripped of all fundamental duties. Said duties were given to student employees who did not complain about the sexual harassment.

21. Plaintiff continued to report the lewd and inappropriate behavior both verbally and in writing to human resources. Plaintiff also reported the events to Director Laura Doerrhbecker. Ms. Doerrhbecker said that she would talk to Mr. Jones about the complaints.

22. During the entire course of Plaintiff's employment with Defendant Coastal, Mr. DeFuria and Mr. Jones were acting within the scope of their employment.

23. After the complaints, Plaintiff was forced to continue to work with Mr. Jones wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment. On August 12, 2013, upon notifying another co-worker that the sexual harassment and inappropriate behavior was continuing, Plaintiff was again retaliated against, and constructively discharged.

24. It was the duty of Coastal, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

25. Despite her reporting the behavior, Defendant Company did not take appropriate action to resolve the problems and disciplined the Plaintiff for Mr. DeFuria or Mr. Jones' inappropriate behavior upon her.

26. That the unjust disciplinary actions and constructive discharge of Plaintiff's with Defendant Company was the response by Defendant Company, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. DeFuria or Mr. Jones including sexual harassment.

27. Following her complaints and following the retaliatory actions, the Defendants then constructively discharged the Plaintiff.

28. That the aforesaid conduct of Defendant Company, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

29. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses

## FOR A FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT TITLE VII OF CIVIL RIGHTS ACT OF 1964

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. Defendant Company, as Plaintiff, Mr. DeFuria, and Mr. Jones' employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b. In continually allowing Mr. DeFuria and Mr. Jones to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

    c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

32. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

33. The Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224 by retaliating against Plaintiff and allowing a hostile work environment to exist regarding sexual harassment in the workplace.

34. As a direct and proximate result of the acts and practices of Defendant in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

35. That in failing to protect the Plaintiff from sexual harassment, preferential treatment or retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

36. The Defendants' wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing a hostile work environment to exist regarding sexual harassment and retaliation in the workplace.

37. That the aforesaid conduct of the Defendants, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

38. The Plaintiff's complaints of sexual harassment were a determining factor in the retaliation, disparate treatment, and wrongful discharge of the Plaintiff. But for the Plaintiff's complaints of sexual harassment and a hostile work environment, she would not have been constructively discharged.

39. As a direct and proximate result of the Defendants' retaliation on the basis of complaints of sexual harassment in the workplace and a hostile work environment, the Plaintiff has suffered a loss of wages past and future, benefits, and employment opportunities.

40. Wherefore, following the Plaintiff's complaints of sexual harassment, she was subjected to a hostile work environment.

41. Wherefore, the Defendants' employment discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

42. Wherefore, the Plaintiff is entitled to injunctive relief and/or civil damages from the Defendant as a result of the employment discrimination as alleged above.

43. Wherefore, due to the acts of the Defendants, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

44. That the discharge of the Plaintiff with the Defendants was the response by the Defendants, its agents and servants, to the Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. DeFuria, and Mr. Jones, including sexual harassment.

45. That the aforesaid conduct of the Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

46. As a direct and proximate result of the acts and practices of the Defendants in retaliating against the Plaintiff, creating a hostile work environment and in the retaliatory discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation and other past and future losses.

47. That the unjust disciplinary actions and retaliatory discharge of the Plaintiff was the response by the Defendants, their agents and servants, to the Plaintiff's anticipated reports and complaints of sexual harassment and retaliation in the workplace.

48. That the aforesaid conduct of the Defendants, their agents, and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory

in nature, after complaints of a hostile work environment, and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

## **REQUEST FOR RELIEF**

49. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

50. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

51. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for mental pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**[Signature Block on Following Page]**

**WIGGER LAW FIRM, INC.**

<u>s/Mary F. Fishburne, Esquire</u>
MARY F. FISHBURNE, ESQUIRE
Federal I.D. # 11786
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
March 25, 2015.